ANTONGIORGI *v.* ANTONGIORGI.

APPEAL from the District Court of Ponce.

No. 225.—Decided March 27, 1908.

APPEAL—TRANSCRIPT OF RECORD—JUDICIAL TERMS.—Where the transcript of a record on appeal is not filed within the period allowed by law, computed in accordance with the provisions of section 388 of the Political Code, the appeal must be dismissed.

The facts are stated in the opinion.

*Mr. Méndez Vaz* for appellant.

*Mr. Hord* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a motion to dismiss the appeal because the time for bringing up the record to this court had expired before the 11th of December, 1907, on which date the said record was filed in the office of the secretary. Judgment was pronounced on the 11th September, 1907, and the appeal was taken on the

16th of the same month. The 30 days which rule 50 gives to the appellant for presenting the record to this court was extended for 30 days by the district court. On the 8th of November, 1907, an application was made to this court for a further extension and was granted as prayed.

The motion to dismiss was heard by the court on the 27th of January, 1908, Mr. Justice Figueras being absent. Subsequently the court, desiring to hear further argument, the case was reset for a hearing by the full bench and eventually the case was argued here on the 11th of March. Both parties have filed briefs in the case.

The attorney for the appellee urges that by virtue of section 386 of the Political Code the manner of counting time is to be reckoned by excluding the first day of the term, and including the last, unless the latter should be a holiday. He urges that the rules of the court are to be construed in the same manner as a statute.

The appellant, on the other hand, contends that with the exception of the Supreme Court of the United States, rules of courts are always within the sound discretion of the court that makes them, and that such court can always suspend its rules or make exceptions to them. He draws our attention to the case of *Fernández* v. *Mojica,* 8 P. R. Rep., p. 530, decided by this court on the 23d of January, 1905, in which it appears that this court excluded Sundays and holidays in counting judicial terms. He further urges upon us rule five of the Supreme Court of California, which operates to defeat a motion to dismiss if the record "though not filed within the time prescribed, be on file at the time such notice is given," *i. e.,* notice to the appellant. We have no rule in this court similar to the fifth rule of the Supreme Court of California, and consequently neither that rule, nor the jurisprudence founded on it can have any binding force in a motion before us.

The principal contention, however, is that our own decision in the case of Mojica should cause us to exercise our power to make an exception in this case, in spite of the pro-

visions of section 386 of the Political Code. We have had ocassion in the case of *Osvaldo Abril* v. *Moreno,* 10 P. R. Rep., p. 484, to construe that section with respect to the time in which an appeal may be taken by virtue of section 295 of the Code of Civil Procedure. The decision in the Mojica case favors the contention of the appellant. However, we were then following the practice which had been in force under the old Code of Civil Procedure, as the court understood it, and our attention had not been drawn to section 388 of the Political Code.

Appellant makes a special point of the fact that he was diligent in taking his appeal five days after judgment, and within the 15 days which is given to take an appeal, where a question of fact is desired to be reviewed.

As an appeal is one of the methods of suspending execution the fact that a man appeals sooner or later indicates nothing to a reviewing court. In other words, we cannot tell whether the motives that a party has in mind are more than questions of personal convenience. The only date that we need look at for the purpose of seeing whether the rules of this court with respect to the transcript have been complied with, is the date of the notice of appeal. This was taken on the 16th of September.

Mention is also made of the fact that the parties have apparently waived all right to insist on their motion by agreeing to an extension of time for filing briefs which would give such right to file at a date later than the time limit for filing the transcript of record, but the appellee evidently assumed that the record had been filed in time, and that the appellant had done everything to comply with the rules as far as appeals are concerned, and an inspection of the record shows that the statement of the case was approved on the 7th day of November, 1907.

The appellant was not deceived by the decision of the case of *Fernández* v. *Mojica.* He himself on the 8th of November,

1907, filed a motion in this court asking for an extension, and his motion is made in these words:

"The plaintiff Francisco Antongiorgi, by his attorney José Tous Soto, appears before the honorable court and alleges: That this case was tried in the District Court for the Judicial District of Ponce; that judgment was therein rendered on the 11th of September last; an appeal was taken on the 16th of the same month; and the time for filing the transcript in this honorable court having been extended for 30 days by the trial court. That up to yesterday, the 7th day of the present month, the statement of the case and the amendments thereto in this case, had not been approved. That on the 15th of the present month the term for the filing of the transcript on appeal will expire, together with the extension, counting the ordinary days. That this appellant is fearful that he will be unable to prepare the said transcript before the said date, and in order to avoid such failure, prays this Honorable Supreme Court that a further extension of 20 days for the filing of said transcript on appeal be granted.—Ponce, P. R., November 8th, 1907.—José Tous Soto, Attorney for the Plaintiff and Appellant.

The words of the foregoing motion show that the appellant did not exclude, in his calculation, Sundays and holidays, but that he counted all of the days. The motion was granted as prayed, and the extension ran from the 15th of November, 1907. As the 20 days granted, even excluding Sundays and legal holidays, would have made the record due on the 10th of December, the filing of the transcript on the 11th fails to bring the appellant within the terms of rule 50.

It may be true, as appellant urges, that the court has a discretion, but we see no reason to exercise it in this case. The statement of the case was signed on the 8th of November, 1907, and no justification whatsoever is shown for waiting until the 11th of December to bring up the record. The appeal must be dismissed.      *Dismissed.*

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Hernández dissented.